CARMEN RITA YÑIGO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 841.—*Sometido:* Abril 14, 1931. *Resuelto:* Abril 17, 1931.

*José Sabater,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Al Registrador de la Propiedad de Mayagüez le fué presentada para su inscripción en el registro una escritura otorgada ante el notario Enrique Báez, sustituyendo al notario José Sabater, por la que el Márshal de la Corte de Distrito de Mayagüez vendió a Carmen Yñigo una finca en el barrio de Sábalos, término de Mayagüez, que según la escritura, aparece inscrita a favor de Carmen Antonia y Olga Echean-

[*] NOTA: Véase el prefacio.

día e Yñigo, menores hijas de Ramón Echeandía, quien adquirió la finca de Alfredo Ramírez de Arellano pagando parte del precio de la misma de su peculio y de contado. La finca se había embargado por orden de la Corte de Distrito de Mayagüez en un pleito seguido por Antonio González Suárez contra Ramón Echeandía, en el que el primero obtuvo una sentencia contra el segundo por tres mil quinientos dollars de principal, intereses, y doscientos dollars para honorarios de abogado.

En el mandamiento al márshal para que hiciera efectiva la sentencia se le ordena que haga satisfacer las referidas sumas en bienes de la propiedad personal del deudor, y si ella no fuera bastante, en la propiedad real que pertenezca a dicho deudor. El demandante designó ante el márshal bienes para su venta en pública subasta, y como tales todo el derecho, título e interés que tuviera el demandado Ramón Echeandía en la finca a que antes nos referimos. Se anunció la subasta, y se llevó a cabo; y en virtud de ella se otorgó la escritura que es base de este recurso. En ella se trasmite a Doña Carmen Rita Yñigo todo el derecho, título e interés que tenga el demandado Ramón Echeandía, y sus hijas menores Carmen Antonia y Olga Echeandía en la finca antes citada.

El Registrador de la Propiedad de Mayagüez puso la siguiente nota:

''DENEGADA la inscripción de la venta judicial que comprende el documento que precede que es la escritura número 110, otorgada en Mayagüez, a primero de julio del pasado año mil novecientos treinta, ante el notario Enrique Báez García, como sustituto de su compañero José Sabater y García, y TOMADA anotación preventiva por el término de 120 días a todos los efectos legales a favor de la adquirente Carmen Rita Yñigo viuda de Rodríguez, por cuanto la finca descrita en dicha escritura aparece inscrita a favor de las menores Carmen Antonia y Olga Echeandía, personas distintas del demandado Ramón Echeandía, y si bien el Márshal de la Corte de Distrito de esta ciudad, vendió en el acto de la subasta todo título, derecho e interés que el demandado Ramón Echeandía y sus hijas menores Carmen Antonia·

y Olga Echeandía tienen y pudiera corresponderles en dicha finca, del documento no consta que dichas menores fueran parte del procedimiento ni que fueran oídas y vencidas en el mismo, todo ello al folio 80 vuelto del tomo 199 de esta ciudad, finca número 2042, anotación letra B, con el defecto subsanable de no haberse acreditado las facultades y carácter de Antonio Alemañy Oliver para aceptar el contrato a nombre de la adquirente señora Carmen Rita Iñigo. Dicha finca aparece gravada con una hipoteca a favor de Alfredo Ramírez de Arellano.''

El registrador tiene razón. Las menores dueñas de esa finca conforme a registro, no aparece que hayan sido parte en el pleito; antes bien lo que aparece de los documentos copiados en la escritura es que no lo fueron. Del mandamiento que se copia, en el primer ''Por cuanto'' aparece lo que sigue:

''Por Cuanto: El día seis de Noviembre de mil novecientos veintinueve Antonio González Suárez, como demandante obtuvo una sentencia a su favor en la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico, contra Ramón Echeandía, por la suma de tres mil quinientos dólares con interés a razón del uno por ciento por mes desde el treinta de Septiembre de mil novecientos veintinueve hasta que sea satisfecha juntamente, doscientos dólares por honorarios, por costas y pago en la fecha de dicho fallo, y costas que se devengue, en la forma que se indica en el récord.''

Y la orden, dice:

''Por lo tanto: Usted, el Márshal antes mencionado, es requerido por la presente para que haga que satisfagan las sumas debidas sobre dicha sentencia, con interés como queda dicho, con las costas devengadas y que se devenguen, conforme a dicha sentencia, en bienes de la propiedad personal de dicho deudor, y si no hubiere propiedad personal bastante, entonces de la propiedad real que se hallare en el distrito de usted, y que pertenezca a dicho deudor en la fecha en que dicha sentencia fué registrada en dicha Corte de Distrito, o en cualquiera época después, devolviendo esta orden con un certificado de diligenciamiento dentro de sesenta días de haber recibido usted la misma, con una manifestación al dorso de la misma de lo actuado por usted.''

El márshal, funcionario ejecutivo, no tiene derecho a

ampliar o ejecutar arbitrariamente las órdenes que recibe; él se debe atender a lo que la corte dispuso y el secretario le comunicó. Y si incluyera a las menores hijas del demandado, excedería sus atribuciones, si no tenía mandamiento para ello, y su acto sería ineficaz y nulo. No encontramos que de los documentos nazca autoridad alguna para trasmitir los derechos o título de las menores. El acta de la subasta se refiere a "todo el derecho, título e interés que tenga el demandado Ramón Echeandía en la siguiente finca: (aquí aparece la descripción)."

Es viejo, y casi axiomático el precepto "Nadie puede ser privado de su propiedad sin ser vencido en juicio" repetido en innumerables sentencias, no ya de los Estados Unidos o de España, sino de todos los países civilizados. El derecho a ser oído por el tribunal, el día en corte, es algo consagrado y universal.

*Se confirma la nota recurrida.*

El Juez Asociado Señor Wolf no intervino.